■ MARINE MIDLAND BANK, N. A., Respondent, v CAROL BIRNEY, Appellant.—In an action to recover damages based upon the misappropriation and conversion of funds, the defendant appeals (1) from a judgment of the Supreme Court, Rockland County (Meehan, J.), entered May 29, 1986, which, upon a jury verdict, is in favor of the plaintiff and against her in the sum of $138,191.37; and (2) as limited by her brief, from so much of an order of the same court, dated July 16, 1986, as denied that branch of her motion which was to set aside the jury verdict on the issue of the court's jurisdiction over her person.

Ordered that the judgment is affirmed and the order is affirmed insofar as appealed from, with one bill of costs.

In this action, the issue of whether the summons and complaint had been properly served upon the defendant was submitted to the jury immediately prior to the trial of the allegations in the complaint. We concur with the trial court's statement in its decision denying that branch of the defendant's motion which was to set aside the jury's verdict on the jurisdictional issue, that "the jury was presented with facts at the trial which were sufficient for the jury to determine that the summons [and complaint were] appropriately affixed to the defendant's door and that the process server exercised 'due diligence' as is required by CPLR 308 (4) to utilize the 'nail and mail' form of service".

The defendant's further claim that the trial court erred in its charge to the jury is without merit. The defendant had requested the trial court to specifically instruct the jury that the process server was required to make attempts at personal service at varying hours, such as the morning hours, if he was unsuccessful in the afternoon or evening hours. While the trial court declined to instruct the jury as requested, it sufficiently incorporated the defendant's request in its charge by instructing the jury that the process server was required to attempt personal service at varying hours of the day and night.

Finally, we do not find that the summation remarks of the plaintiff's counsel warrant reversal. Mangano, J. P., Thompson, Lawrence and Eiber, JJ., concur.